IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SUZANNE DAUER,

    Plaintiff, and

ERIC EDE,

    Involuntary Plaintiff,

v.

DOROTHY G., Inc.,
DOROTHY GRUICHICH,
SAM GRUICHICH,
and
RUTH BARNEKOW

    Defendants.

COMPLAINT FOR DECLARATORY and INJUNCTIVE RELIEF and for CIVIL PENALTIES PURSUANT TO 42 U.S.C. §§ 6972 and for DAMAGES PURSUANT TO 28 U.S.C. § 1367 and WISCONSIN COMMON LAW.

Civil Action No. _____

Plaintiff, Suzanne Dauer, by her counsel Garvey McNeil & McGillivray, S.C., complain of Defendants Dorothy G., Inc., Dorothy Gruichich, Sam Gruichich, and Ruth Barenkow as follows:

## INTRODUCTION

1. This is a civil action for declaratory and injunctive relief and for the imposition of civil penalties, together with costs and fees, under the Resource

Conservation and Recovery Act, ("RCRA") 42 U.S.C. §§ 6901, *et seq.*, and also for damages pursuant to Wisconsin common law.

2. Suzanne Dauer (hereinafter "Plaintiff") seeks an order enjoining the Defendants, Dorothy G., Inc., Dorothy Gruichich, Sam Gruichich, and Ruth Barnekow, (collectively "Defendants") from causing or contributing to the release of chlorinated solvents, tetrachloroethene ("PCE") and trichloroethene ("TCE"), as well as other chemicals, into the soil and groundwater under the property owned by Plaintiff and at which she resides, located at 1361 S. 95th Street, West Allis, Wisconsin (hereinafter "the Dauer property") in such quantities so as to cause an imminent and substantial endangerment to human health and the environment, for an order requiring Defendants to remove the PCE, TCE, and other chemicals from Plaintiffs' property and other property in the vicinity of Defendants' facility in West Allis, Wisconsin, and an order requiring Defendants to pay penalties, damages, costs and fees.

## PARTIES

3. Plaintiff Suzanne Dauer is an adult resident of the State of Wisconsin who resides at the Dauer property. PCE, TCE and other chemicals contaminate the soil and groundwater under the Dauer Property.

4. Involuntary Plaintiff Eric Ede is an adult resident of the State of Wisconsin who may have an interest in the Dauer property resulting from a marital settlement agreement and judgment in *Ede v. Ede*, Milwaukee County Cir. Ct. Case No. 01FA893. An

2

accurate copy of the Abridgment of Judgment of Divorce Affecting Title to Real Estate is attached hereto as Exhibit A. Mr. Ede is a person needed for just adjudication of this matter, pursuant to Fed. R. Civ. P. 19, as his absence as a party may prevent complete relief and/or may impair or impede his ability to protect any interest he may claim in the Dauer property.

5. Defendant Dorothy G., Inc. is a domestic corporation registered in the State of Wisconsin and has its principal place of business at 822 S. 112th Street, West Allis, Wisconsin. During relevant times, Dorothy G., Inc. has operated a dry cleaning business known as Redi-Quick Dry Cleaners, located at 9508-9510 West Greenfield Avenue, West Allis, Wisconsin (hereinafter "the Site"), which is located adjacent to the Dauer property. Dorothy G, Inc.'s registered agent is Sam Gruichich, 822 S. 112th Street, West Allis, WI 53214.

6. Defendant Dorothy Gruichich is an adult resident of Wisconsin who resides, or resided, at 822 S. 112th St, West Allis, Wisconsin, and may currently reside at 2100 S. 106th Street, West Allis, Wisconsin. During relevant times, Dorothy Gruichich has leased property, and later owned property, to operate a dry cleaning business at the Site.

7. Defendant Sam Gruichich is an adult resident of Wisconsin who resides at 11833 W. Lakefield Dr., West Allis, WI 53227. At relevant times, Sam Gruichich operated a dry cleaning business at the Site.

3

8. Defendant Ruth Barnekow is an adult resident of Arizona who resides at 7746 East Coralbelle Avenue, Mesa, Arizona. At relevant times, the Site was owned by Ruth Barnekow for use as a dry cleaning business and was operated by her lessees as a dry cleaning business.

9. During times relevant in which all Defendants owned and/or operated a dry cleaning business at the Site, TCE, PCE and other chemicals were used at the Site. A leaking underground storage tank that had stored TCE, PCE and other chemicals is located under the Site. Defendants failed to inspect the Site for leaking storage tanks and failed to remedy the source or sources of TCE, PCE, and other contamination once it was detected. A plume of TCE, PCE and other chemicals from the Site is on the Dauer property. Upon information and belief, Defendants have yet to remove the source of contamination and remediate the plume of TCE, PCE and other chemicals.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 6972(a) and 28 U.S.C. §§ 1331, 1367, and 2201. The relief requested by Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 6972, as well as Wisconsin common law, which this Court has jurisdiction to apply through 28 U.S.C. § 1367.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. §§ 6972(a) because Plaintiff's claims relate to, and arise from, activities at the Site, which is located in the Eastern District of Wisconsin.

## NOTICE

12. On April 18, 2006, Plaintiff served a "Notice of Intent to Sue" on Defendants pursuant to 42 U.S.C. §§ 6972 and 40 C.F.R. pt. 254. Plaintiff served a copy of the Notice of Intent to Sue on the Administrator of the United States Environmental Protection Agency, the Regional Administrator of the United States Environmental Protection Agency, and the Secretary of the Wisconsin Department of Natural Resources by certified United States mail, return receipt requested. An accurate copy of the Notice of Intent to Sue is attached hereto as Exhibit B.

13. More than 90 days have passed since Plaintiff served her Notice of Intent to Sue.

## REGULATORY BACKGROUND

14. The Resource Conservation and Recovery Act or "RCRA", 42 U.S.C. § 6901, *et seq.*, is intended to reduce the generation of waste and to ensure that waste that is generated is stored, treated, and disposed of "so as to minimize the present and future threat to human health and the environment." 42 U.S.C. § 6902(b).

15. RCRA provides that any person may bring an action under Section 7002 of RCRA, 42 U.S.C. § 6972(a)(1)(B), against "any person,... and including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."

16. PCE and TCE are solid wastes, as defined by the Resource Conservation and Recovery Act. 42 U.S.C. § 6903(27). Defendants caused and/or contributed to the storage, disposal, and handling of PCE and TCE at the Site, including having control over leaking equipment and storage tanks located at the Site.

## CLAIMS

17. Plaintiff realleges and incorporates paragraphs 1-16 into each of Plaintiffs' Counts, below, as if set forth in full for each Count.

### COUNT 1: Causing an Imminent and Substantial Endangerment

18. All Defendants have caused and/or contributed to the storage, disposal, and handling of PCE and TCE at the Site, including having control over leaking

equipment and storage tanks located at the Site, and have caused or contributed to the plume of PCE and TCE on the Dauer property.

19. PCE and TCE are carcinogens. The concentrations of PCE and TCE in the groundwater and soil exceed health-based standards promulgated by the Wisconsin Department of Natural Resources in Wis. Admin. Code ch. NR 140. Furthermore, PCE from the plume has contaminated the indoor air at the Dauer property and poses a health hazard to Plaintiff due to an unacceptable level of increased cancer risk.

20. The PCE and TCE that has been released from the Site onto the Dauer property poses an imminent and substantial endangerment to health and to the environment.

21. The release of solid waste will continue unless enjoined by this Court. Additionally, the contamination in the Plaintiff's groundwater and soil will continue to cause an imminent and substantial endangerment to human health and the environment until abated pursuant to an order from this Court.

## COUNT 2: Negligence

22. Plaintiff realleges and incorporates paragraphs 18-21 into Count 2 as if set forth in full.

23. Defendants acted and failed to act in a way to avoid harm to Plaintiff by maintaining a source of PCE and TCE contamination, including one or more leaking underground storage tanks at the Site, leaking equipment at the Site, failing to inspect

7

the Site for leaking storage tanks and leaking equipment, and failing to remedy any leak and plume once it was detected. It was reasonably foreseeable that Defendants' action and inaction could cause an injury to Plaintiff.

24. Defendants have a duty to use ordinary care for the safety and rights of adjacent landowners, such as Plaintiff. This includes a duty to prevent TCE, PCE and other contaminants from unreasonably contacting Plaintiffs' property.

25. Defendants were negligent and breached their duty by failing to contain the TCE, PCE and other contaminants at the Site.

26. Defendants caused an injury to Plaintiff by releasing TCE, PCE and other contaminants onto the Dauer property in the groundwater and soil in such concentrations that pose a health hazard to Plaintiff.

27. Defendants' breach of duty is the direct and proximate cause of Plaintiff's damages.

28. Defendants' acted in malicious disregard of the Plaintiff's right to her health and property.

## COUNT 3: Trespass

29. Plaintiff realleges and incorporates paragraphs 22-28 into Count 3 as if set forth in full.

30. Defendants have caused the release of TCE, PCE and other contaminants onto Plaintiff's property by negligent and reckless conduct.

31. Defendants have interfered with Plaintiff's exclusive right to possession of her property by causing the release of TCE, PCE and other contaminants onto such property, causing an invasion of Plaintiff's real and personal property and that interferes with the past, present and future use of such property.

32. Plaintiff did not consent to the Defendants releasing TCE, PCE and other contaminants onto her property.

33. Such invasion is the proximate cause of Plaintiff's damages.

34. Defendants acted in malicious disregard of the Plaintiff's right to her health and property.

## COUNT 4: Nuisance

35. Plaintiff realleges and incorporates paragraphs 29-34 into Court 4 as if set forth in full.

36. The release of TCE, PCE and other contaminants onto the Dauer property constitutes a common law private nuisance because it resulted in an invasion in the Plaintiff's right to private use and enjoyment of her property.

37. Defendants acted negligently by maintaining a leaking underground storage tank at the Site, by failing to inspect the Site for leaking storage tanks, and failing to remedy the leak once it was detected.

38. Defendants acted intentionally to cause harm to Plaintiff by failing to prevent the plume of contaminants from reaching Plaintiffs' property after having

9

knowledge that dangerous contaminants were leaking from a source on the Site and they unreasonably delayed in cleaning up the Site.

39. The intentional and negligent action and inaction of Defendants caused an invasion of Plaintiff's property.

40. As a direct and proximate cause of this invasion by Defendants, Plaintiff suffers damages.

41. Defendant acted in malicious disregard of the Plaintiff's right to her health and property.

### COUNT 5: Medical Monitoring

42. Plaintiff realleges and incorporates paragraphs 35-41 as if set forth in full.

43. As a result of Defendants' negligent action or inaction, Plaintiff was exposed to a chemical that poses a future health risk, including cancer, and she will need to be monitored by periodic medical examinations or tests.

44. The costs of the medical tests and examinations is reasonable compared to the risk of not detecting cancer or other health problems caused by the contaminants from the Site that have been released from the Site onto the Dauer property.

10

Case 2:07-cv-00188-JPS   Filed 02/28/07   Page 10 of 12   Document 1-7

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

A) A declaration that Defendants have violated the Resource Conservation and Recovery Act by contributing to an imminent and substantial endangerment to health and the environment by disposing of PCE and TCE onto the Dauer property.

B) A permanent injunction:

    1) Prohibiting Defendants from disposing of PCE and TCE in a manner that causes an imminent and substantial endangerment to health or the environment; and

    2) Requiring Defendants to clean up the contamination.

C) An order requiring Defendants to pay the costs of litigation, including Plaintiff's reasonable attorneys' fees and costs and expert witness fees. 42 U.S.C. §§ 6972(e).

D) An award of damages against Defendants for Plaintiff's property damage, past and future emotional distress, reasonable costs for medical monitoring, and punitive damages all in amounts to be determined.

E) All other relief the Court deems just and proper.

11

## JURY PLEA

Plaintiff requests a jury trial on all issues permitted to be tried to a jury.

Dated this 27th day of February, 2007.

GARVEY MCNEIL & MCGILLIVRAY, S.C.

_____
Pamela R. McGillivray
WSB1034194
mcgillivray@gmmattorneys.com
David C. Bender
WSB 1046102
Bender@gmmattorneys.com
Christa Westerberg
WSB 1040530
westerberg@gmmattorneys.com
634 West Main Street, Suite 101
Madison, WI 53703
Tel. 608.256.1003
Fax 608.256.0933

Attorneys for Plaintiff Dauer.